IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| JONATHAN DEAN DAVIS | § | |
| VS. | § | CIVIL ACTION NO. 5:21cv154 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Jonathan Dean Davis, an inmate confined at the Telford Unit of the Texas Department of Criminal Justice, Institutional Division, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge, for findings of fact, conclusions of law, and recommendations for the disposition of the case.

## Discussion

Petitioner contests the validity of a prison disciplinary conviction for assault with a weapon which he received on September 28, 2021, Disciplinary Report #20210243225. As a result of the disciplinary conviction, petitioner states he received the following punishment: (1) a loss of 30 days' good conduct time; (2) 60 days' commissary restriction; (3) 45 days' recreation restriction; (4) 40 days' phone and cell restriction; and (5) a reduction in time-earning classification from S-4 to L-1.

---

[1] While the incidents forming the basis of the disciplinary conviction in this case occurred at the Torres Unit which is located in the Southern District of Texas, the disciplinary proceedings occurred at the Telford Unit where petitioner is currently confined. The Telford Unit is located within the jurisdictional confines of this court; therefore, this court has jurisdiction to determine petitioner's habeas claims. *See* 28 U.S.C. § 2241(d).

Petitioner claims property had been stolen from him and that members of the Crips and the Bloods prison gangs wanted him off of the Torres Unit. Petitioner contends he had reported to prison officials that his life was in danger and requested protection by initiating an Offender Protection Investigation. However, prison officials acted with deliberate indifference to his claims that he was in danger of harm from other offenders. As a result, petitioner claims he was forced to protect himself when inmate Malcom Archie came at him and petitioner hit Archie in the head with a fan which resulted in the disciplinary charge against him for assault with a weapon. Petitioner complains that the incident could have been avoided had prison officials not acted with deliberate indifference to his requests for protection from other inmates, as well as denying him equal protection.

Analysis

*Denial of Due Process*

Prisoners charged with rule violations are entitled to certain due process rights under the Fourteenth Amendment when the disciplinary action may result in a sanction that will impose upon a liberty interest. State-created liberty interests protected by the Due Process Clause are generally limited to freedom from restraint imposing an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293 (1995).

In *Sandin*, the Court adopted a new and different methodology for determining whether a state has created a protected liberty interest to benefit prison inmates. *Id*. at 2297-2300. Rather than focusing on the presence or absence of mandatory statutory or regulatory language, [ See, e.g., *Hewitt v. Helms*, 459 U.S. 460 (1983).] the Supreme Court determined that the reviewing court should consider the nature of the challenged state action and whether it involved such a significant departure

from normal prison conditions that the state might have conceivably created a liberty interest. *Id*. at 2299.

Protected "interests are generally limited to state-created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). In Texas, prisoners eligible for release on mandatory supervised release, may have a protected liberty interest in previously-earned good conduct time. *See Kimbrell v. Cockrell*, 311 F.3d 361, 362 (5th Cir. 2002); *Malchi v. Thaler,* 211 F.3d 953, 956-58 (5th Cir. 2000). However, being placed in disciplinary confinement, losing commissary and property privileges for thirty days, and remaining at the same time earning class are not sanctions which impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 115 S. Ct. at 2299. *See also Madison*, 104 F.3d at 768 (concluding that imposing thirty days of commissary and cell restrictions as punishment constitutes mere changes in the conditions of a prisoners confinement and do not implicate due process concerns); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) ("the mere opportunity to earn good-time credits [does not] constitute a constitutionally cognizable liberty interest sufficient to trigger the protection of the Due Process Clause."), *cert. denied, Luken v. Johnson,* 116 S. Ct. 1690 (1996); *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir.) ("An inmate has neither a protectible property nor liberty interest in his custody classification . . . ."), *cert. denied*, 488 U.S. 985 (1988).

The due process that an inmate must receive in a disciplinary hearing is: (1) written notice of the charges against him at least twenty-four hours before the hearing, (2) a written statement of the factfinders as to the evidence relied on and the reasons for the disciplinary action taken, and (3) the opportunity to call witnesses and present documentary evidence in his defense, unless these procedures would create a security risk in the particular case. *Wolff v. McDonnell*, 418 U.S. 539,

563-66, 94 S. Ct. 2963, 2978-80, 41 L. Ed. 2d 935 (1974); *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000); *Walker v. Navarro County Jail*, 4 F.3d 410, 412 (5th Cir. 1993).

Here, petitioner states he was convicted of an aggravated crime.  A review of the Texas Department of Criminal Justice, Correctional Institutions Division reveals petitioner is currently serving sentences for convictions of murder from Lamar County, aggravated assault and possession of a controlled substance from Ellis County, and unauthorized use of a motor vehicle from Dallas County.  *See* https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action.  Therefore, petitioner is not eligible for release on mandatory supervision.  As a result, due process concerns are not implicated by a loss of good conduct time and prison officials were not required to afford petitioner due process at the disciplinary hearing.  The punishment imposed in this case did not affect the fact or duration of confinement.  Accordingly, petitioner's claims do not present grounds warranting relief pursuant to federal habeas corpus review.

"[H]abeas is not available to review questions unrelated to the cause of detention."  *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976).  Petitioner's remaining claims that prison officials acted with deliberate indifference to his claims for protection and denied him equal protection do not challenge the cause of his detention, but challenge the conditions of his confinement.  Where a prisoner petition challenges the conditions of his confinement, the proper vehicle is a civil rights action.  *See Spencer v. Bragg*, 310 F. App'x 678, 679 (5th Cir. 2009) (citing *Carson*, 112 F.3d at 820-21); *see also Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997) ("[T]he Due Process Clause does not protect every change in the conditions of confinement which has a substantial adverse affect upon the prisoner").  Therefore, to the extent petitioner may wish to challenge the conditions of his confinement, he must pursue his claims by filing an appropriate civil rights action.

In this case, it would not further the interests of justice to construe petitioner's petition as a civil rights action because this court lacks jurisdiction over the matter since the incidents occurred at the Torres Unit which is located in Median County, Texas. Pursuant to 28 U.S.C. § 124, Medina County, Texas is located within the jurisdictional confines of the San Antonio Division of the United States District Court for the Western District of Texas, and any potential defendants would reside in the Western District. Further, allowing petitioner to prosecute this action based on the payment of the $5.00 filing fee applicable to petitions for writ of habeas corpus instead of the $402.00 filing fee applicable to civil actions would allow petitioner to circumvent the filing fee requirements of the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915. Accordingly, the petition should be dismissed without prejudice to petitioner's ability to pursue such claims by filing a separate civil action in the Western District.

## Recommendation

The above-styled petition for writ of habeas corpus should be dismissed.

## Objections

Within fourteen days after being served with a copy of the Magistrate Judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the Magistrate Judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from entitlement to *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *See Douglass v. United*

*Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this 23rd day of February, 2022.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE